FILED
MAY 23 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESUS LEMUS, and SALOMON
SOLORIO,

        Plaintiffs,

                                CV 10-1071 -PK

                                FINDINGS AND
v.                               RECOMMENDATION

TIMBERLAND APARTMENTS, L.L.C.,
et al.
        Defendants.
_____

PAPAK, Judge:

       Plaintiffs Jesus Lemus and Salomon Solario bring this action arising out of their employment as construction workers by defendants. Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1), 207(a)(1), several Oregon wage laws, Or. Rev. Stat. 653.025, 653.261, and 652.150, and breach of contract. This court has jurisdiction under 29 U.S.C. §216(b) and 28 U.S.C. §1337 for the Fair Labor Standards Act claims and supplemental

Page 1 - FINDINGS AND RECOMMENDATION

jurisdiction under 28 U.S.C. § 1367 for Oregon law claims. Now before the court is defendants Timberland Apartments, L.L.C., W.R. Townhomes F, L.L.C., and Polygon Northwest Company, L.L.C.'s (collectively "Polygon") motion to dismiss Salomon Solorio's claims for failure to prosecute and failure to comply with discovery obligations. (#29.) For the reasons discussed below, the motion should be granted.

## LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides that a defendant may move to dismiss any action or claim if the plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). The court also has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). In determining whether to dismiss an action for failure to prosecute, the court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## BACKGROUND

Through counsel, Solorio filed this action against Polygon on September 9, 2010. (#1.) On November 15, 2010, he filed an amended complaint. (#11.) On January 7, 2011, Polygon served Solorio with its First Interrogatories and Requests for Production. (Poore Decl., #30, at ¶7, Ex. 5.) On January 31, 2011, counsel for Solorio contacted counsel for Polygon requesting a seven-day extension to respond to Polygon's interrogatories and requests for production because

he was "having some difficulty connecting with my clients." *Id.* at Ex. 6. Counsel for Polygon granted a seven day extension, to February 17, 2011. *Id.* When Solorio still had not responded to the discovery requests on February 28, 2011, counsel for Polygon requested a telephone discovery conference. *Id.* at ¶9, Ex. 7. During the discovery conference held on March 3, 2011, counsel for Solorio told Polygon that he still could not locate Solorio. *Id.* at ¶10. Polygon extended the discovery deadline another week to March 10, 2011. *Id.* at Ex. 8. On March 10, 2011, Solorio's counsel David Henretty moved to withdraw as counsel for Solorio. (#24.) In a declaration supporting that motion, Henretty stated that he was unable to communicate with Solorio, despite calls placed to his last known telephone number and letters sent to his last known address. (Henretty Decl., #25, ¶¶3,4.) The court granted Henretty's motion and ordered Solorio to proceed *pro se*. (#26.) On March 17, 2011, Polygon sent a letter to Solorio's last known address with a copy of its discovery requests in an attempt to confer prior to filing a motion to compel under Fed. R. Civ. P. 37(a), but never received a response. (Poore Decl., #30, ¶13.) Polygon has received no other indication that Solorio intends to continue prosecuting his claims. *Id.*

## DISCUSSION

The balance of the factors identified by Ninth Circuit case law weighs in favor of dismissing Solorio's claims for lack of prosecution. Both the public and this court have an interest in resolving this litigation efficiently, which is currently being hindered by Solorio's failure to respond to discovery requests and prosecute his claims. Also, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Morever, no less drastic measures are feasible, since the court and defendants continue to serve Solorio with

Page 3 - FINDINGS AND RECOMMENDATION

filings at his last know address, to no avail. (#26) (court order of March 14, 2011 and all future mailings sent to last known address). While the court recognizes that Solorio no longer has the assistance of counsel, even *pro se* litigants are bound by the rules of procedure and may have their actions dismissed for lack of prosecution. *See Ghazali*, 46 F.3d at 53. The court acknowledges that dismissal is a harsh penalty and should be imposed only in extreme circumstances, but this case presents such circumstances. *See Henderson*, 779 F.2d at 1423.

While only three out of the five defendants bring the present motion, this court also exercises its inherent power to dismiss *sua sponte* Solorio's claims against the remaining two defendants. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Timberland Apartments, L.L.C., W.R. Townhomes F, L.L.C., and Polygon Northwest Company, L.L.C.'s motion to dismiss Salomon Solorio's claims for failure to prosecute (#29) should be granted. Solorio's claims against all defendants should be dismissed and a judgment should be entered.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

//

//

//

//

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 23rd day of May 2011.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge