IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESUS LEMUS,                                Case No. 3:10-cv-01071-PK

        Plaintiff,                         ORDER

  v.

TIMBERLAND APARTMENTS, L.L.C.,
et al.,

        Defendants.

MARSH, Judge

      On April 26, 2012, Magistrate Judge Paul Papak issued an Amended Findings and Recommendation (#128) recommending that plaintiff's motion for attorney fees (#102) be granted in part and denied in part, and that defendants' motion for attorney fees (#107) be denied as to defendant Polygon Northwest and granted in part and denied in part as to W.R. Townhomes F, L.L.C.'s (WR Townhomes). The parties have timely filed objections and responses. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo*

1 - ORDER

determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(B); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); accord McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Having conducted a de novo review of this case, and for the reasons set forth below, I adopt the Findings and Recommendation as modified.

## DISCUSSION

### I. Defendant WR Townhomes' Award of Fees as a Prevailing Party.

Plaintiff objects to Judge Papak's limited award of attorney fees to WR Townhomes F as a prevailing party. Plaintiff contends that because he prevailed against defendant Timberland Apartments, and his claims were based on the same set of facts and legal theories, WR Townhomes cannot be a prevailing party.

In the Findings and Recommendation, Judge Papak discussed that under plaintiff's theory of joint employment, the facts about where an employee worked may not be known initially, especially when the employer has a complicated business structure such as Polygon. However, the issue of where plaintiff worked was resolved when plaintiff submitted a summary judgment declaration identifying that he worked solely at Timberland Apartments on October 24, 2011. Therefore, Judge Papak determined WR Townhomes is entitled to its portion of fees it incurred mounting a defense after October 24,

2011, when it became obvious plaintiff never worked at WR Townhomes, and plaintiff failed to dismiss WR Townhomes as a defendant. I agree with Judge Papak's well-reasoned determination with one distinction discussed in greater detail below.

Defendant WR Townhomes argues that under Judge Papak's reasoning, it is entitled to all the fees it incurred after April 20, 2011, when plaintiff reached a settlement with JC Builders. WR Townhomes asserts that following the settlement with JC Builders, it was obvious that plaintiff's only avenue of relief thereafter was against Timberland Apartments. I disagree.

The settlement with JC Builders provides that JC Builders employed plaintiff, however, it does not specify that plaintiff worked exclusively on Timberlands Apartments. Moreover, JC Builders subcontracted to provide the framing for both the Timberland Apartments and WR Townhomes projects. (Findings & Recommendation (#98), p. 3.) And, this court has determined that Timberland Apartments jointly employed plaintiff. I agree with Judge Papak's conclusion that it was not clear that plaintiff did not work at WR Townhomes until plaintiff filed his summary judgment declaration.

However, plaintiff submitted two identical declarations providing that he worked solely at Timberland Apartments; the first on September 30, 2011 (#64), and the second on October 24, 2011 (#87). After thoroughly examining the issue, and because no

3 - ORDER

rationale for using the later date is apparent from the record, I conclude that Judge Papak's use of the October 24, 2011 date is an oversight. Thus, following Judge Papak's reasoning, WR Townhomes is entitled to additional attorney fees attributable to its representation between September 30, 2011 and October 24, 2011.

I have examined the entries submitted by defense counsel for the dates between September 30 and October 24, 2011. Defense counsel's time for that period collectively is 75 hours. However, following Judge Papak's well-reasoned analysis, I must apply a few exclusions. WR Townhomes is not entitled to recover fees for time spent working on responses to plaintiff's motion to amend, which did not involve WR Townhomes. Thus, all time entries relating exclusively to responding to plaintiff's motion for leave to amend are excluded, which total 26.5 hours. (See Dec. of David Poore (#110-1), p. 42-45.)

Additional reductions are necessary for entries which relate to responding to the motion for summary judgment *and* the motion for leave to amend. Under Judge Papak's reasoning, a reduction by half adequately accounts for the time spent representing WR Townhomes on the summary judgment motion. Thus, the entries dated 10/3/2011 (two at .1 hours) and 10/6/2011 (1.4 hours) are reduced to .8 hours. The three entries relating to Kristian Ingebrigtsen dated 10/14/2011 (two at .3 hours) and 10/20/2011 (.2 hours) also are deducted, as he was the project superintendent for Timberland

4 - ORDER

Apartments, and thus, this entry did not relate to WR Townhomes. These additional reductions total 1.6 hours.

With these exclusions, defendant's time is reduced to 46.9 hours (75 - 26.5 - 1.6 = 46.9) and defendants collectively incurred $7,973.00 (46.9 X $170.00 = $7,973) in attorney fees defending WR Townhomes between September 30 and October 24, 2011. Again following Judge Papak's analysis, WR Townhomes is entitled to recover its one-third share of those fees under the defendants' joint representation agreement. Thus, WR Townhomes is entitled to an additional $2,631.09 for those fees incurred between September 30 and October 24, 2011. Therefore, the Judge Papak's findings and recommendation is modified to award WR Townhomes $7,881.18 ($2,631.09 + $5,250.09 = $7,881.18) in attorney fees.

WR Townhomes' request for fees in the amount of $535.50 for preparing its Objections to the Findings and Recommendation is denied as inadequately supported. See *Message from the Court Regarding Fee Petitions*, dated Monday June 7, 2010 (recommending that any fee request be supported by detailed documentation relating to individual tasks). The parties remaining objections do not merit discussion and are rejected.

In summary, I conclude that the Findings and Recommendation is well-reasoned, and free from error, with the exception of the date from which to calculate WR Townhomes F's attorney fees discussed above. The Findings and Recommendation is modified to reflect that

5 - ORDER

WR Townhomes F is awarded attorney fees in the amount of $7,881.18.

## CONCLUSION

Based on the foregoing, I conclude the Magistrate Judge's Amended Findings and Recommendation (#128) in this action is ADOPTED, as MODIFIED above. Plaintiff's Motion for Attorney Fees (#102) is GRANTED IN PART and DENIED IN PART, and plaintiff is awarded $78,306.84 in attorney fees and $350 in taxable costs. Defendants' Motion for Attorney Fees (#107) is DENIED as to defendant Polygon Northwest, and is GRANTED IN PART as to WR Townhomes F, and WR Townhomes F is awarded $7,881.18 in attorney fees.

IT IS SO ORDERED.

DATED this _19_ day of JUNE, 2012.

Malcolm F. Marsh
United States District Judge